IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2026

## CHARLES LANE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Sevier County**
**Nos. CR4263, CR4247     Jeffrey D. Rader, Judge**

_____

**No. E2025-00857-CCA-R3-HC**

_____

The petitioner, Charles Lane, appeals the denial of his petition for writ of habeas corpus by the Sevier County Circuit Court, arguing the habeas court erred in dismissing the petition. The petitioner asserts that his pretrial jail credits were not applied properly and that his request for transcripts was erroneously denied. Following our review, we affirm the habeas court's dismissal of the petition as the petitioner has failed to show he is entitled to relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which TIMOTHY L. EASTER and TOM GREENHOLTZ, JJ., joined.

Rebecca Lee, District Public Defender; Shannon J. Holt, Assistant Public Defender, for the appellant, Charles Lane.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Jimmy Dunn, District Attorney General; and Charles L. Murphy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

In 1989, the petitioner pled guilty to first-degree murder and aggravated sexual battery, for which he received an effective sentence of life with the possibility of parole plus thirty-five years. Less than two weeks after the imposition of his sentence, the petitioner requested that his pleas be withdrawn, which the trial court denied. The petitioner appealed, and this Court affirmed the trial court's denial of the petitioner's

motion to withdraw his guilty pleas. *State v. Lane*, C.C.A. No. 111, 1990 WL 192701, at *1 (Tenn. Crim. App. Dec. 5, 1990), *perm. app. denied* (Tenn. Feb. 25, 1991).

On February 6, 2023, the petitioner filed a motion to correct a clerical error, arguing that pretrial jail credits were not applied to his aggravated sexual battery sentence and that behavioral jail credits were not applied to his first-degree murder sentence. On August 7, 2023, the petitioner filed a motion to obtain records, stating that he is entitled to the transcripts from his preliminary, guilty plea, and sentencing hearings. On January 24, 2024, the petitioner filed a motion to dismiss, citing the failure to provide him with the requested transcripts. On October 30, 2024, the petitioner filed a petition for writ of habeas corpus, arguing that he was wrongly sentenced under the 1989 Sentencing Act and that his indictment was defective because it failed to cite the correct statutory provision.

Following the appointment of counsel, a hearing was held on April 21, 2025. The State argued that, because the petitioner's sentences were ordered to be served consecutively, his pretrial jail credits were awarded on the first-degree murder sentence and would not be applied to the aggravated sexual battery sentence. Defense counsel agreed the petitioner could not "double dip" the jail credits, and the probation officer confirmed that the petitioner's first-degree murder sentence showed 270 days of pretrial jail credit and 72 behavioral credits. Upon hearing from the parties and the probation officer, the habeas court noted, "Well, that will be it." Regarding the petitioner's motion for transcripts, the State argued that the petitioner received the requested transcripts during his direct appeal and that he has failed to establish that he is entitled to another copy. Additionally, defense counsel informed the petitioner that the failure to provide the transcripts would not result in the dismissal of his case.

After its review, the habeas court issued an order denying the petition for writ of habeas corpus. This timely appeal followed.

*Analysis*

On appeal, the petitioner contends the habeas court erred in dismissing his petition, arguing that he was not granted pretrial jail credits for which he is entitled and that his request for transcripts was erroneously denied. The State contends the petitioner's claims are meritless. Upon our review of the record, we affirm the decision of the habeas court.

Habeas corpus relief is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007); *State v. Ritchie*, 20 S.W.3d 624, 629 (Tenn. 2000); *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, rather than a voidable, judgment is "one that is facially invalid because the court did not have the

statutory authority to render such judgment." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007) (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner must establish a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." *Summers*, 212 S.W.3d at 260 (citing *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. *Id.* at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). As such, this Court reviews the habeas court's findings *de novo* with no presumption of correctness. *Id.*

### A. Jail Credits

The petitioner first argues his "lack of proper jail credits on his consecutive sentencing is illegal because it deprives him of the ability to make parole due to his release eligibility date being improperly calculated." Our supreme court has stated that a trial court's failure to award pretrial jail credit does not render a sentence illegal. *Anderson v. Washburn*, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *1 (Tenn. June 27, 2019) (Order) (citing *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015)). Accordingly, such a claim "is not cognizable in the context of a petition for habeas corpus relief." *Id.* The petitioner is not entitled to relief on this issue.

### B. Transcript Request

The petitioner's next claim also fails to establish that his judgments are void. The petitioner argues that his request for transcripts was denied, preventing him from substantiating his claim that his guilty pleas were not knowingly and willingly entered. Here, the petitioner filed a motion requesting the transcripts from his guilty plea and sentencing hearings. As the habeas court noted at the evidentiary hearing, this Court reviewed the transcripts on direct appeal, "fully examined" the petitioner's guilty pleas, and determined that they were knowingly and voluntarily entered. *See Lane*, 1990 WL 192701 (Tenn. Crim. App. Dec. 5, 1990). The transcripts were provided to the petitioner at the time of his direct appeal in 1990. The fact that the petitioner cannot now obtain additional copies of the transcripts does not render the judgments void or the sentences illegal. Accordingly, the habeas court properly dismissed the petition, and the petitioner is not entitled to relief.

### *Conclusion*

Because the petition fails to establish a void judgment or expired sentence, we affirm the judgment of the habeas corpus court.

s/ _J. ROSS DYER_
J. ROSS DYER, JUDGE